**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

_____

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 02-CR-20049 |
| ) | |
| **TERRENCE WASHINGTON,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION

This case is before the court for ruling on Defendant's pro se request for an evidentiary re-sentencing hearing and a further reduction in his sentence (#101). Defendant's pro se request is DENIED.

## BACKGROUND

On August 15, 2002, Defendant, Terrence Washington, pled guilty to one count of possession of 500 grams or more of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). On February 18, 2003, a sentencing hearing was held. This court found that Defendant was responsible for 3.56 kilograms of crack cocaine, 69.97 kilograms of powder cocaine and 22.68 kilograms of marijuana. Based upon a total offense level of 38 and a criminal history category of VI, the guideline sentencing range was 360 months to life. However, because the statutory maximum penalty was 40 years, the sentencing range was 360 to 480 months. This court sentenced Defendant to a term of 420 months in the Federal Bureau of Prisons, the exact middle of the applicable guideline sentencing range.

Defendant appealed, and the Seventh Circuit affirmed on July 30, 2003. United States v. Washington, 70 Fed. Appx. 897 (2003). On January 17, 2006, Defendant filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 in Case No. 06-2007. On March 9, 2006, this

court entered an Order which denied the Motion based upon a finding that the Motion was untimely.

On March 10, 2008, Defendant filed a pro se Motion to Reduce Sentence (#83) based on the retroactive amendment to the sentencing guideline range regarding crack cocaine sentencing. On March 10, 2008, this court entered a text order and appointed the Federal Defender for the Central District of Illinois to represent Defendant. On April 4, 2008, Defendant filed a pro se Motion to Appoint Counsel (#84). On July 7, 2008, Defendant filed a letter in support of his pro se Motion to Reduce Sentence (#85). Defendant argued that he should be resentenced based upon United States v. Booker, 543 U.S. 220 (2005) and Kimbrough v. United States, ___ U.S. ___, 128 S. Ct. 558 (2007).

On July 7, 2008, Defendant's appointed counsel filed an Amended Motion to Reduce Sentence (#87). Defendant's counsel thoroughly detailed the facts of Defendant's case. Defendant's counsel also set out the applicable retroactive amendments to the United States Sentencing Guidelines. Defendant's counsel concluded that, based upon the retroactive amendments, Defendant's offense level was reduced to an offense level of 36, making his amended applicable guideline range 324 to 405 months. Defendant's counsel further stated that a sentence reduction to the exact middle of the amended guideline range would result in a sentence of 364.5 months of imprisonment. Defendant's counsel noted that "Defendant has filed other pro se motions and letters with the Court regarding additional reductions in sentence not addressed in this amended motion." Defendant's counsel asked this court to enter an Amended Judgment sentencing Defendant to 364.5 months of imprisonment. On September 11, 2008, the Government filed its Response (#98) and stated that it had no objection to this court reducing Defendant's sentence to a term of 364 months of imprisonment. On September 16, 2008, this court entered an Order (#99) which granted Defendant's Amended Motion and reduced Defendant's term of imprisonment to 364 months.

However, in the meantime, on August 6, 2008, Defendant filed a Motion to Waive Counsel and Proceed Pro-Se regarding his Motion to Reduce Sentence (#92). Defendant stated that he wanted to file a pro se brief in this cause. On September 16, 2008, this court entered an Order (#100) which found Defendant's Motion to Appoint Counsel (#84) MOOT and which GRANTED Defendant's pro se Motion to Waive Counsel and Proceed Pro Se (#92). This court stated that Defendant's appointed counsel was withdrawn as Defendant's attorney and that Defendant was allowed to proceed pro se. This court gave Defendant 30 days to file his brief and explain why he is entitled to a further reduction in his sentence.

On October 17, 2008, Defendant filed 38 pages of argument regarding why this court should conduct an evidentiary resentencing hearing and further reduce his sentence (#101). Defendant attached, as exhibits, certificates showing that he had successfully completed educational programs at the Federal Bureau of Prisons. One of the certificates stated that Defendant had completed 240 hours of training in masonry. Defendant also sent a letter (#102) to this court thanking the court for giving him the opportunity to file a brief and for the chance to be heard. Defendant stated that he has made constructive use of his time in the Federal Bureau of Prisons to aid in his successful re-entry into society as a positive productive citizen. Defendant also stated that he has obtained his G.E.D. and has paid his fine in full. Defendant again asked this court to further reduce his sentence so that he could "create a better future for myself and my children."

## ANALYSIS

The general rule is that a court may not modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c). The exceptions to this rule are very limited, and the only exception which applies in this case is § 3582(c)(2) which provides that:

> [I]n the case of a defendant who has been sentenced to a term of

> imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

In this case, the "applicable policy statement[] issued by the Sentencing Commission" is the amended version of United States Sentencing Guideline (U.S.S.G.) § 1B1.10. The amended guidelines state:

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and <u>shall leave all other guideline application decisions unaffected</u>.

U.S.S.G. § 1B1.10(b)(1) (emphasis added). In addition, Guideline 1B1.10(a) specifically states that proceedings under § 3582(c)(2) and Guideline § 1B1.10 "do not constitute a full resentencing of the

defendant." U.S.S.G. § 1B1.10(a)(3). The commentary to this section states: "Consistent with 18 U.S.C. § 3582(c), the court shall consider the factors set forth in U.S.C. § 3553(a) in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b)." U.S.S.G. § 1B1.10 cmt. 1(B)(i).

In this case, this court has already determined the amended guideline range and then determined, considering the factors set forth in § 3553(a), that a reduction in Defendant's sentence was warranted and that a reduction from 420 months to 364 months was appropriate. This court has already reduced Defendant's sentence to 364 months.

Defendant has provided lengthy argument regarding why the Sentencing Commission's limitations on sentence reductions resulting from the changes to the crack cocaine guidelines in § 1B1.10 should not limit this court's authority to hold a resentencing hearing and further reduce his sentence. Defendant argued that, based upon Booker, Kimbrough, and Gall v. United States, ___ U.S. ___, 128 S. Ct. 586 (2007), this court has authority to further reduce his sentence. Defendant argued that this court should exercise its discretion and consider the factors set out in § 3553(a) in resentencing him. Defendant argued that a further reduction in his sentence is warranted and appropriate. This court does not agree.

In Booker, the United States Supreme Court held that a mandatory Sentencing Guidelines system violated the Sixth Amendment and further ruled that the appropriate remedy was to excise the statutory provision that made the Guidelines mandatory. See Booker, 543 U.S. at 226-27, 245. Kimbrough and Gall, as well, addressed the sentencing guidelines, not the modification of a term of imprisonment under § 3582(c)(2). This court concludes that nothing in those cases requires a court to reconsider all of the § 3553(a) factors when the court, pursuant to § 3582(c)(2), is reducing the sentence of a defendant whose sentencing range has been lowered by the Sentencing Commission.

5

See United States v. Fitts, 2008 WL 2356754, at *3 (N.D. Ind. 2008). "Section 3582(c)(2) concerns only sentence reductions and thus does not implicate Booker or the constitutional limitations upon which that decision was premised." United States v. Witherspoon, 2008 WL 4065926, at *3 (N.D. Ill. 2008).

This court recognizes that Defendant has relied on United States v. Hicks, 472 F.3d 1167 (9th Cir. 2007). In Hicks, the Ninth Circuit Court of Appeals stated that, after Booker, "district courts are necessarily endowed with the discretion to depart from the Guidelines when issuing new sentences under § 3582(c)(2)." Hicks, 472 F.3d at 1170. The court in Hicks also stated that "[t]o the extent that the policy statements are inconsistent with Booker by requiring that the Guidelines be treated as mandatory, the policy statements must give way." Hicks, 472 F.3d at 1173. Defendant has argued, based upon Hicks, that Booker applies to resentencings under § 3582(c)(2) so that this court must issue a new sentence based upon the advisory guidelines and a new consideration of the factors set out in § 3553(a).

However, the Seventh Circuit has made it clear that "a proceeding under 18 U.S.C. § 3582(c)(2) is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution." United States v. Tidwell, 178 F.3d 946, 949 (7th Cir. 1999). The Seventh Circuit stated that the policy set out in Rule 43 of the Federal Rules of Criminal Procedure which provides that a defendant need not be present at a proceeding involving § 3582(c)(2) "makes good practical sense because a defendant, in the federal penal system, often is hundreds if not thousands of miles away from the courthouse where his sentence was originally imposed." Based upon Tidwell, this court declines to follow Hicks and concludes that Defendant is not entitled to a full resentencing hearing and is not entitled to a further reduction in his sentence. See Fitts, 2008 WL 2356754, at *5; Witherspoon, 2008 WL 4065926, at *2-3; see also United States v. Robinson, 2008

WL 2578043, at *3-5 (W.D. Pa. 2008) (citing cases which have rejected <u>Hicks</u>' approach).

IT IS THEREFORE ORDERED THAT:

(1) Defendant's pro se Request for an evidentiary re-sentencing hearing and a further reduction in his sentence (#101) is DENIED.

(2) Defendant has ten (10) days to file a notice of appeal from this court's Opinion.

ENTERED this 22nd day of October, 2008

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE