**E-FILED**
Friday, 24 June, 2016  02:20:49 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:02-20049 |
| | ) | |
| TERRENCE WASHINGTON, | ) | |
| | ) | |
| Defendant | ) | |

## <u>ORDER AND OPINION</u>

This matter is now before the Court on Defendant Terrence Washington's Motion for Reduction of Sentence Pursuant to Title 18, United States Code, Section 3582(c) [125]. For the reasons set forth below, Defendant's Motion is GRANTED.

### BACKGROUND

Defendant Terrence Washington ("Washington"), through counsel, filed a motion for reduction of his sentence pursuant to 18 U.S.C. § 3582(c) and the government responded. See E.C.F. Docs. 125, 126. The parties agree to the procedural history of this case and that Washington is eligible for a sentence reduction under Amendment 782. The procedural history is as follows: In February 2003, Washington was sentenced to 420 months imprisonment, which was in the middle of the Sentencing Guidelines range of 360 to 480 months. On September 16, 2008, pursuant to Amendment 706, Washington's sentence was reduced to 364 months. This reduced sentence was also in the mid-range of the Sentencing Guidelines of 324 to 405 months. The sentencing guidelines have been revised yet again and Washington now seeks a further

reduction of his sentence to 262 months. The government asks the Court to reduce the sentence to 294 months.

Washington has made a positive use of his time while in custody. There have not been any disciplinary reports on Washington since 2009. In 2004, he earned a General Education Diploma after 295 hours of coursework. Washington completed several vocational training classes, including: masonry in 2008 after 240 hours of coursework; home repair and improvement in 2010 after 20 hours; and carpentry in 2012 after 273 hours. Washington took a life skills course in financial responsibility in 2011. Washington also participated in fitness classes for yoga, basketball, jump rope and completed a Body Transformation Class in 2013.

Washington indicated that he plans to work in the construction industry upon his release from custody. He is interested in taking business management courses to possibly start a small subcontracting company. Washington asks the court to consider his good behavior while in custody and participation in educational and wellness activities when determining whether he should be given a reduced sentence.

### STANDARD OF REVIEW

The motion is made pursuant to 18 U.S.C. § 3582(c), USSG §§ 1B1.10, 2D1.1, and Amendment 782. See E.C.F. doc. 125. Courts have authority to reduce a defendant's sentence when the defendant's term of imprisonment was based on a sentencing range that has since been lowered by the United States Sentencing Commission ("Commission"). 18 U.S.C. § 3582(c). In April 2014, the Commission approved a two-level reduction to the base offense level for all drug offenses. USSG App. C, Amend. 782 (2014). The Commission determined in July 2014 that Amendment 782 could be applied retroactively and included it among the operative amendments covered by § 1B1.10. See USSG § 1B1.10 comment. (backg'd.).

## ANALYSIS

In every case concerning a sentence reduction, a court must consider: (1) whether such a reduction is warranted; and (2) the extent of such reduction. USSG § 1B1.10, comment. (n.1(B)). With regards to public safety, the court must consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment. *Id*. The court may also consider the defendant's conduct after imposition of the term of imprisonment. *Id*.

The parties agree that Washington is eligible for a sentence reduction under Amendment 782. They agree that the amended offense level is 34 with criminal history category of VI, resulting in the amended guideline range of 262 to 327 months.

The government argues that a corresponding mid-range sentence of 294 months is most appropriate. The United States Probation Office concurs in the proposed sentence reduction to 294 months. Washington's initial sentence in 2003, and subsequent reduced sentence in 2008, was in the mid-range of the applicable sentencing guidelines at the time.

Washington asks the Court to impose the minimum sentence allowed by the amended guidelines, which would be a reduction to 262 months. Washington argues that at his original sentencing, the Court did not have the positive reports before it with respect to his behavior while in custody and completion of several education and wellness courses. Washington has not had any disciplinary reports since 2009. Washington earned his General Education Diploma in 2004 and has since completed other courses in carpentry, masonry, home repair, financial responsibility, and a variety of fitness classes.

As stated above, both parties agree that Washington is eligible for a sentence reduction under Amendment 782. The only point in contention is how much to reduce the sentence. The

Court recognizes that Washington has made positive use of his time in custody and finds Washington entitled to a sentence reduction from 364 months to 275 months.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Reduction of Sentence is Granted and Defendant's term of imprisonment is reduced to 275 months.

Signed on this 24th day of June, 2016.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge